UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-62462-SMITH

GREGORY JOSHUA LEE,

    Plaintiff,

vs.

SEAN CARTER,

    Defendant.
_____/

## ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE

This cause is before the Court on the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [DE 3]. Plaintiff's Complaint [DE 1] states that it is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff sues Defendant, a non-government actor, for alienation of affection.

Because Plaintiff seeks to proceed *in forma pauperis*, the screening provisions of 28 U.S.C. § 1915(e) are applicable to this matter. Pursuant to that statute, "the court shall dismiss the case at any time if the court determines that . . . (A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard as those under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although *pro se* pleadings are held to a less stringent standard and construed liberally, *see Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), a *pro se* complaint must satisfy the basic pleading requirements

of applicable law and the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). These include Rule 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a).

Plaintiff's Complaint fails to state a claim under the relaxed pleading standard afforded to *pro se* litigants. Even construing the Complaint most liberally, the pleading is deficient under Federal Rule of Civil Procedure 8(a). *See Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[T]he *pro se* litigant must still meet minimal pleading standards."). To allege an action under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff has not alleged that his constitutional rights have been violated or that Defendant violated any laws of the United States. Further, Plaintiff has not alleged that Defendant was acting under color of state law. Consequently, Plaintiff has failed to allege a claim under § 1983. Accordingly, it is

ORDERED THAT:

1. Plaintiff's Complaint [DE 1] is **DISMISSED without prejudice.**

2. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [DE 3] is **DENIED as moot.**

3. This case is **CLOSED.**

**DONE AND ORDERED** in Fort Lauderdale, Florida this 7th day of December, 2021.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record